UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROOSEVELT GLENN, SR. and DARRYL KEITH PINKINS, SR., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HAMMOND; Hammond Police Department Lieutenant MICHAEL SOLAN, in his individual capacity; LEO FINNERTY, in his individual capacity; Indiana State Police Lab Forensic Serologist DIANA PETERSON, in her individual capacity; and STEVEN H. TOKARSKI, a Special Representative for the Estate of Kimberly Epperson, <br><br> Defendants. | CAUSE NO.: 2:18-CV-150-TLS-JEM |

**OPINION AND ORDER**

This civil rights lawsuit arises out of the convictions of Plaintiffs Roosevelt Glenn, Sr. and Darryl Keith Pinkins, Sr. for their involvement in the kidnapping, robbery, and rape of M.W. by five men in 1989, the successive state postconviction proceedings based on new DNA evidence, and the state court decisions vacating the convictions and dismissing the charges against Pinkins in 2016 and Glenn in 2017. The Plaintiffs allege that the Defendants violated their constitutional rights by fabricating inculpatory evidence and withholding exculpatory evidence during the investigation and trial.

During discovery, which remains ongoing, Defendant Michael Solan filed a Motion to Compel complete responses to several interrogatories by the Plaintiffs. ECF No. 193. After supplemental briefing, Magistrate Judge John E. Martin ruled on the motion. ECF No. 203. This matter is now before the Court on the Plaintiffs' Objection Under Rule 72(a) to Magistrate

Judge's Order Requiring Disclosure of Work Product [ECF No. 208], in which the Plaintiffs object only to the ruling on Interrogatory No. 18. For the reasons below, the Court sustains in part and overrules in part the Plaintiffs' Objection and modifies the Order accordingly.

## LEGAL STANDARD

"[A] district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure[.]" *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

## ANALYSIS

1. *Interrogatory No. 18 and the Work-Product Doctrine*

   Defendant Solan's Interrogatory No. 18 provides:

   > Identify each person, not named as a defendant in this action, whom you, your agent, or your legal counsel has interviewed, talked with, or contacted regarding this action, in relation to this action, as a result of this action, and/or in relation to the facts and/or allegations underlying this action.

ECF No. 194-1 at 21. The Plaintiffs objected based on the work-product doctrine. *Id.*

   In *Hickman v. Taylor*, the Supreme Court broadly defined the work-product doctrine as including both tangibles and intangibles:

   > Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing

2

> parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and *countless other tangible and intangible ways*—aptly though roughly termed by the Circuit Court of Appeals in this case (153 F.2d 212, 223) as the 'Work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

329 U.S. 495, 510–11 (1947) (emphasis added). The work-product doctrine's protection of "documents and tangible things" was later set out in Federal Rule of Civil Procedure 26(b)(3):

> **(A)** *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > **(i)** they are otherwise discoverable under Rule 26(b)(1); and
> >
> > **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).

"[T]he work-product doctrine is designed to serve dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621–22 (7th Cir. 2010) (citing *Hickman*, 329 U.S. 495). The doctrine extends to "material prepared by agents for

3

the attorney as well as those prepared by the attorney himself." *United States v. Nobles*, 422 U.S. 225, 238–39 (1975) (citing *Hickman*, 329 U.S. at 510–11).

2. *The Motion to Compel*

In his motion to compel, Defendant Solan made the single argument that the work-product doctrine does not apply to Interrogatory No. 18 because Rule 26(b)(3) protects only "documents and tangible things" and he is asking for the identity of individuals interviewed, not for documents or tangible things. The Plaintiffs responded that the protection of the work-product doctrine extends to the identity of individuals interviewed by a party's attorney or the attorney's agents because such a disclosure would reveal the mental process of the attorney in deciding whom to interview, citing cases including *Smith-Brown v. Ulta Beauty, Inc.*, No. 18 C 610, 2019 WL 2644243, at *4–5 (N.D. Ill. June 27, 2019), and *Tracy v. NVR, Inc.*, 250 F.R.D. 130, 132–33 (W.D.N.Y. 2008).

In reply, Defendant Solan asserted that some courts have found the information he seeks in Interrogatory No. 18 not protected by the work-product doctrine, citing *Gingerich v. City of Elkhart Probation Department*, 273 F.R.D. 532, 540 (N.D. Ind. 2011), and *EEOC v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 346 (N.D. Ill. 2005). He conceded that, "[a]t best, work-product protects disclosure of those individuals Plaintiffs' *attorneys* 'interviewed, talked with, or contacted'" but argued that the doctrine does not "prevent Plaintiffs from answering as to themselves or their non-attorney agents." ECF No. 197, at 10–11. In their sur-replies, the parties cited additional case law in support of their positions, and the Plaintiffs argued that the interrogatory was overbroad.

3. *Judge Martin's Ruling on Interrogatory No. 18*

In his Order, Judge Martin found that Interrogatory No. 18 was overbroad, noting that the Plaintiffs were wrongfully charged in 1990 and that Plaintiff Glenn wrote a book about his

4

experiences. As a result, Judge Martin narrowed the scope of the request to "witnesses who were specifically interviewed with respect to the instant lawsuit." ECF No. 203 at 5. No party has objected to this narrowing of the interrogatory. Judge Martin also recognized the Plaintiffs' assertion that they have complied with Rule 26 and will continue to supplement their identification of "each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Defendant Solan does not dispute that the Plaintiffs have complied with this obligation.

Relevant to the instant Objection, Judge Martin found that attorney notes about interviews are protected work product and that a request for a list of individuals interviewed by the Plaintiffs' attorneys might give insight into an attorney's mental processes and thus would be subject to work-product protection; however, he found that "a list of who was interviewed by anyone on Plaintiffs' team, *without identification of who performed the interview*, is not privileged." ECF No. 203 at 4–5 (emphasis added) (citing *Smith-Brown*, 2019 WL 2644243, at *5; *Gingerich*, 273 F.R.D. at 540; *Jewel Food Stores*, 231 F.R.D. at 347). As a result, the order required the Plaintiffs to respond to Interrogatory No. 18 by providing Defendant Solan with "a list of witnesses who were specifically interviewed with respect to the instant lawsuit." *Id.* at 5.

4. *The Plaintiffs' Objection*

In the pending Objection, the Plaintiffs ask the Court to set aside Judge Martin's order requiring the Plaintiffs to disclose the names of witnesses their attorneys and attorneys' agents interviewed in connection with this lawsuit. They argue that, under *Hickman*, a list of the individuals interviewed by their attorneys is an intangible covered by the work-product doctrine that would give insight into the attorneys' preparation of the case, citing several cases. They also contend that the investigation related to the instant lawsuit was conducted by the Plaintiffs'

5

attorneys and their agents and not by the Plaintiffs themselves. Finally, the Plaintiffs note that Defendant Solan's request does not seek disclosure of any underlying factual evidence from the witnesses interviewed and thus impermissibly seeks only to track the activities of counsel.

In response, Defendant Solan asserts that some courts have allowed discovery of a list of individuals interviewed by counsel, citing cases. He then reasserts his position that, if the Court finds that a list of individuals interviewed by the Plaintiffs' counsel in relation to the litigation is protected by the work-product doctrine, the Court should nevertheless affirm Judge Martin's order requiring the Plaintiffs to disclose the identity of those individuals the Plaintiffs themselves interviewed as not protected by the work-product doctrine. In reply, the Plaintiffs distinguish the cases cited by Defendant Solan. They also explain that they retained the law firm of Loevy & Loevy to represent them in this lawsuit and that the Plaintiffs themselves have not acted as investigators in their own case.

Having reviewed the body of case law cited by the parties in their briefing, the Court finds that Judge Martin's determination that the work-product doctrine protects against disclosure of a list of individuals interviewed by the attorneys and their agents in relation to litigation is supported by the persuasive district court decisions from this and other circuits.[1] In a

---

[1] *See, e.g.*, *Bd. of Educ. of Evanston Twp. H.S. Dist. No. 202 v. Admiral Heating and Ventilating, Inc.*, 104 F.R.D. 23, 32 (N.D. Ill. 1984) (recognizing the distinction between an interrogatory that seeks the identification of persons with "knowledge" of discoverable information and an interrogatory that asks for "whom defendants have interviewed," the latter of which "is to give plaintiffs no more knowledge of substantive relevant facts, but rather to afford them the potential for significant insights into the defense lawyers' preparation of their case (and thus their mental processes)"); *Advanced Laparoscopic Surgery, PC v. Cynosure, Inc.*, No. 19-10151, 2020 WL 12574966, at *2 (E.D. Mich. Mar. 30, 2020) ("[T]he cases cited by defendant, that find that the names of witnesses interviewed by counsel are protected by the work product doctrine, are more persuasive and more respectful of the sanctity of opinion work product protection . . . ."); *EEOC v. Collegeville/Imagineering Ent.*, No. CV-05-3033, 2007 WL 1089712, at *1 (D. Ariz. Apr. 10, 2007) (finding that discovery requests for whom opposing counsel contacted "seek to track the steps of opposing counsel and their witness choices" and that "[s]uch requests focus on the actions of lawyers rather than the knowledge of witnesses"); *Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987) ("The privilege does prevent opposing counsel, however, from inquiring whether the investigator has interviewed that particular person in the course of his investigation."); *Plumbers &*

well-reasoned decision, the court in *Tracy* considered an interrogatory almost identical to Interrogatory No. 18 that asked the opposing party to "identify any and all interviews [d]efendants or its agents, including attorneys, have had with [p]ersons concerning this matter . . . ." 250 F.R.D. at 131. The court denied the motion to compel, relying on the line of cases that "draw[s] a distinction between discovery requests that seek the identification of persons with knowledge about the claims or defenses (or other relevant issues)—requests that are plainly permissible—and those that seek the identification of persons who have been contacted or interviewed by counsel concerning the case." *Id.* at 132. Disclosing the witnesses interviewed in connection with the lawsuit violates the work-product privilege because it "would inevitably teach the requesting party which individuals opposing counsel considers more or less valuable as witnesses and how he or she is preparing for trial." *Id.* (alterations and citation omitted).

As cited by the Plaintiffs, numerous cases have subsequently agreed with the court's reasoning in *Tracy*. *See, e.g.*, *Becker v. TIG Ins. Co.*, No. 3:21-CV-5185, 2022 WL 13925733, at *1 n.1 (W.D. Wash. Oct. 24, 2022); *Kelwin Inkwel, LLC v. PNC Merch. Servs. Co.*, No. 17CV6255, 2020 WL 13077200, at *6–7 (E.D.N.Y. June 5, 2020); *Othon v. Wesleyan Univ.*, No. 3:18CV958, 2019 WL 13291271, at *2 (D. Conn. Nov. 25, 2019); *United States v. All Assets Held at Bank Julius Baer & Co.*, 270 F. Supp. 3d 220, 225 (U.S.D.C. 2017); *In re: Engle Cases*, No. 3:09-cv-10000, 2013 WL 12156250, at *3 (M.D. Fla. June 25, 2013); *Moore v. DAN Holdings, Inc.*, 1:12CV503, 2013 WL 1833557, at *7 n.4 (M.D.N.C. Apr. 30, 2013); *Smith-Brown*, 2019 WL 2644243, at *4–5. Notably, the cases cited by Defendant Solan that come to

---

*Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Arbitron*, 278 F.R.D. 335, 343 n.8 (S.D.N.Y. 2011) (distinguishing interrogatories that ask for a "list of persons whom opposing counsel has interviewed," which "implicates core policies behind the work product doctrine" (citing cases)); *Hammett v. Am. Queen Steamboat Operating Co.*, No. 14-CV-2540, 2015 WL 12805697, at *4 (W.D. Tenn. July 17, 2015) ("[C]ourts have recognized a distinction between a party seeking the identities of individuals with relevant knowledge and a party seeking the identities of individuals interviewed by opposing counsel, the latter of which raises work product concerns." (citing cases)).

the opposite conclusion were either issued prior to the *Tracy* decision in 2008 and/or are distinguishable on the facts.[2]

On the narrow issue on this Objection—discovery of a list of witnesses interviewed by counsel in relation to the litigation as opposed to a list of individuals with knowledge of relevant facts, the decisions in *Jewel Food Stores* and *Gingerich* from district courts in this circuit are distinguishable. In *Jewel Food Stores*, the court found that the interrogatories in that case "[fell] on the side of seeking permissible factual information, and not impermissibly seeking mental impressions." 231 F.R.D. at 346. The court described the interrogatories as "[asking] only for factual information: the identities of persons who have information or who have made statements relating to the claims or defenses in the case, the substance of the information they possess, and the statements they have made." *Id.* at 346, 347. In contrast, Defendant Solan is not asking for the identities of witnesses who have knowledge about the case or other discoverable factual information but rather a list of the witnesses the Plaintiffs' attorneys interviewed, which would reveal their attorneys' mental process in determining which individuals to contact.

---

[2] In response to the Plaintiffs' Objection, Defendant Solan cites cases that pre-date *Tracy* and, in some instances, are also distinguishable: *United States v. Amerada Hess Corp.*, 619 F.2d 980, 987–88 (3d Cir. 1980); *Norflet v. John Hancock Fin. Servs., Inc.*, No. 3:04-cv-1099, 2007 WL 433332, at *3 (D. Conn. Feb. 5, 2007); *In re Theragenics Corp. Sec. Liti.*, 205 F.R.D. 631, 634–35 (N.D. Ga. 2002); *Alexander v. FBI*, 192 F.R.D. 12, 19 (D.D.C. 2000); *In re Aetna Inc. Sec. Litig.*, No. Civ. A. MDL 1219, 1999 WL 354527, at *2 (E.D. Pa. May 26, 1999)*.* The three cases cited in Defendant Solan's sur-reply in support of the motion to compel are distinguishable. *See Comput. Assocs. Int'l, Inc. v. Quest Software, Inc.*, No. 02 C 4721, 2003 WL 22159022, at *1 (N.D. Ill. Sept. 17, 2003) (ordering the plaintiff to turn over the names of the defendant's current and former employees that the plaintiff had interviewed in connection with the litigation and explaining that, under the specific circumstances of that case, the disclosure was unlikely to give the defendant insight into the plaintiff's litigation preparation); *Savignac v. Jones Day*, 586 F. Supp. 3d 16, 19 (D.D.C. 2022) (finding that, under the specific facts where the consultation with the individuals was referenced in a pre-litigation email, the burden of establishing the attorney work-product privilege had not been met but also recognizing that "a list of witnesses an attorney has interviewed in anticipation of litigation can, at times, permit a requesting party impermissibly to glean its opponent's strategy" (citing *All Assets Held*, 270 F. Supp. 3d at 225)); *Packard v. Darveau*, No. 4:11-CV-1399, 2012 WL 4443505, at *4 (D. Neb. Sept. 25, 2012) (finding, for an interrogatory that asked for the names of "anyone claiming the Defendant or Defendant's agents or employees made statements," that "[t]he identities of persons who *provided* statements, along with information on who took the statement and when, is not protected work product" (emphasis added)).

In *Gingerich*, where the plaintiff brought claims related to alleged sexual harassment by her direct supervisor, one interrogatory asked the defendant employer for the identities of individuals who reported misconduct by the plaintiff to the defendant; the court found that this was "information concerning potential witnesses and their knowledge about the case" and was not privileged. 273 F.R.D. at 535, 540 (citing *Jewel Food Stores*, 231 F.R.D. at 347). It was a closer question for two other interrogatories that asked the defendant "to identify witnesses *who were contacted* during the [internal] investigation of [the plaintiff's] charges against [her supervisor], for those individuals' contact information, whether each witness signed a written statement, and for a synopsis of the witness' statements." *Id.* at 542 (emphasis added). The court found that the requests "delved into the nature of the interview between the potential witness and [the defendant]" because they asked "who interviewed the witnesses and for what purpose." *Id.* In contrast with the interrogatory in *Jewel*, these interrogatories "posed a greater risk for giving significant insights into [the defendant's] preparation of its case." *Id.* The court limited the response to the two interrogatories to provide the plaintiff with the information to locate the witnesses but that would not require the defendant "to provide information its attorney uncovered during the investigation or revealing the litigation strategy." *Id.*

This leaves the question whether the protections of the work-product doctrine extend to the identity of individuals that the Plaintiffs themselves "specifically interviewed with respect to the instant lawsuit." Both parties cite *Tracy* for their positions, but the court in *Tracy* did not directly address whether a list of witnesses interviewed by the party individually in relation to the litigation was protected by the privilege. While the interrogatory in *Tracy* sought a list of anyone interviewed by the party or the attorney and while the court denied the motion to compel as to the entire interrogatory, the court's reasoning was based on the invasion of the attorney's mental processes and strategies if forced to reveal the identities "of persons who have been

9

contacted or interviewed *by counsel* concerning the case." 250 F.R.D. at 132 (emphasis added). Similarly, the court ruled: "I deny Tracy's request to compel NVR to answer Interrogatory No. 4 seeking identification of those persons *whom counsel* for NVR has interviewed concerning this case." *Id.* at 133 (emphasis added). However, *Moll v. Telesector Resources Group, Inc.*, No. 04-CV-0805S, 2016 WL 6095792, at *2 (W.D.N.Y. Oct. 19, 2016), cited by Defendant Solan, allowed discovery of the plaintiff's communications with potential witnesses, which is consistent with Judge Martin's ruling. The court in *Moll* distinguished *Tracy*, where the court was concerned with contacts by counsel, because the defendant in *Moll* was seeking the plaintiff's own contacts with witnesses. *Id.* at *2. Thus, the portion of Judge Martin's decision requiring disclosure of the identity of individuals interviewed by the Plaintiffs themselves with respect to the instant lawsuit is not clearly erroneous or contrary to law.

Nevertheless, the practical result of modified Interrogatory No. 18 is that disclosure of a "list of witnesses who were specifically interviewed with respect to the instant lawsuit," even without identifying *who* conducted the interviews (the Plaintiffs' attorneys or the Plaintiffs themselves), would effectively constitute a list of those interviewed by the Plaintiffs' attorneys and their agents/investigators. As argued by the Plaintiffs, it is unclear what "interviews" the Plaintiffs themselves may have specifically conducted on their own. Modified Interrogatory No. 18 no longer asks for each person the Plaintiffs "interviewed, talked with, or contacted" but more narrowly asks for those "specifically interviewed with respect to the instant lawsuit." *Cf. Moll*, 2016 WL 6095792, at *2 (concerning an interrogatory seeking "the identity of every person plaintiff has *contacted*, or attempted to contact, regarding this lawsuit"). Given the nature of litigation, it is likely that most, if not all, of the witnesses "interviewed with respect to the instant

lawsuit" were interviewed by the Plaintiffs' attorneys or their agents/investigators, and the identity of those interviewees is subject to the protections of the work-product doctrine.[3]

Accordingly, to give full meaning to Judge Martin's legal conclusions, the Court modifies the Order to require that the Plaintiffs provide Defendant Solan with a list of only the witnesses the Plaintiffs themselves specifically interviewed with respect to the instant lawsuit, if any. If there are none, the Plaintiffs must respond and say so.

## CONCLUSION

Based on the foregoing, the Court hereby SUSTAINS in part and OVERRULES in part the Plaintiffs' Objection Under Rule 72(a) to Magistrate Judge's Order Requiring Disclosure of Work Product [ECF No. 208] and MODIFIES Judge Martin's Order [ECF No. 203] as to Interrogatory No. 18 as set forth herein.

SO ORDERED on June 21, 2023.

    s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[3] In *Jewel Food Stores*, the court noted that "[t]he interrogatories did not ask that Jewel distinguish between those persons who were interviewed by counsel, and those who were interviewed by others at Jewel (such as, personnel from the Human Resources Department)." 231 F.R.D. at 347. However, as discussed above, the case is distinguishable because the interrogatories sought factual information from the internal investigation.

11