NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROOSEVELT GLENN, SR. and ) | |
| DARRYL KEITH PINKINS, SR., ) | |
| The Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:18-cv-150-TLS/JEM |
| ) | |
| CITY OF HAMMOND, *et al.*, ) | |

**RESPONSE OF THE DEFENDANTS, CITY OF HAMMOND,
MICHAEL SOLAN, AND LEO FINNERTY, TO
THE "PLAINTIFFS'" OBJECTION UNDER 28 U.S.C. § 636(b)(1) AND
RULE 72(a) TO THE MAGISTRATE JUDGE'S ORDER AND
RECOMMENDATION TO DISMISS PLAINTIFF PINKINS, [DE234]**

The Defendants, City of Hammond, Michael Solan, and Leo Finnerty, by their respective undersigned counsel, state the following for their Response in Opposition to the Objection Under 28 U.S.C. § 636(b)(1) and Rule 72(a) to the Magistrate Judge's Order and Recommendation to Dismiss the Claim of Plaintiff Darryl Pinkins [DE234]:

## PROCEDURAL BACKGROUND

On February 3, 2024, Plaintiff Darryl Pinkins (Pinkins) died. On February 8, 2024, counsel informed the Court of Pinkins' demise, which the Court construed as a notice of death in its February 8, 2024, order [DE220]. As a result, on May 8, 2024, pursuant to R. 25, Fed. R. Civ. Pro., LaDoyna Pinkins and Darryln Pinkins, co-administrators of Pinkins' estate, sought leave to substitute themselves as plaintiff [DE222]. On May 22, 2024, the Defendants City of Hammond, Michael Solan, and Leo Finnerty filed their Response in Opposition to Plaintiffs' Motion for Substitution of a Party [DE225]. Plaintiffs filed their Reply in Support of their Motion to Substitute on June 12, 2024 [DE229]. The Court issued an order on September 11, 2024, denying Plaintiffs' Motion to Substitute [DE230]. On September 25, pursuant to 28 U.S.C. § 636(b)(1) and Rule

1

72(a), Fed. R. Civ. Pro., Plaintiffs filed their objection to the Order Denying Substitution [DE234]. This response follows.

## DISCUSSION

The September 11 Order [DE230] adheres to Seventh Circuit precedent, *Bentz v. City of Kendallville*, 577 F.3d 776 (7th Cir. 2009), that applies Indiana statutory law to determine whether a claim filed pursuant to 42 U.S.C. § 1983 survives the death of a party. After all, Rule 25(a), Fed. R. Civ. Pro., provides that "if a party dies and the claim is *not* extinguished, the court may order substitution of the proper party." (emphasis supplied).

42 U.S.C. § 1983 is silent about whether a claim survives. Instead, adherence to R. 25 requires resort to 42 U.S.C. § 1988, which governs here.[1] Section 1988 provides that vindication of the rights protected by § 1983 shall be in accordance with federal law, but when there is no applicable federal law, the common law or pertinent state statutes are to be applied so long as they are "not inconsistent with the Constitution and laws of the United States . . ." § 1988(a). Thus,

---

[1]   42 U.S.C. § 1988(a) provides as follows:

(a) Applicability of statutory and common law

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

under the circumstances, § 1988 "directs us to look to the most closely analogous state law to determine survivability of § 1983 claims [and], we therefore apply the state survival statute unless it is inconsistent with federal policy . . . ." *Bentz,* 577 F.3d at 778 (citations omitted). So the inquiry R. 25 initiates sends us on a journey first through § 1988 and then through the Indiana Survival Act, Ind. Code § 34-9-3-1.[2/] That Act provides a comprehensive list of claims that do *not* survive the death of a party, including: (1) libel; (2) slander; (3) malicious prosecution; (4) false imprisonment; (5) invasion of privacy; and (6) personal injuries to the deceased party causing or contributing to his death. After scrutinizing this body of law, § 1988 instructs that if the Indiana Survival Act is "inconsistent" with the Constitution and laws of the United States, the district court is authorized to depart from it.

The claims Pinkins asserts fall under one or more of the exceptions set out in the Indiana Survival Act—most notably the false imprisonment and malicious prosecution exceptions. Indeed, Pinkins tells us in his Objection that he was "wrongfully incarcerated" due to a "wrongful

---

[2/]   In pertinent part, the Survival Act provides:

Sec. 1. (a) If an individual who is entitled or liable in a cause of action dies, the cause of action survives and may be brought by or against the representative of the deceased party except actions for:

>  (1) libel;
>  (2) slander;
>  (3) malicious prosecution;
>  (4) false imprisonment;
>  (5) invasion of privacy; and
>  (6) personal injuries to the deceased party;

which survive only to the extent provided in this chapter.

conviction." [DE234, p. 5]. And he specifically pleads a malicious prosecution count [DE124, p. 33]. Pinkins' wrongful conviction claim is most analogous to false imprisonment and his § 1983 malicious prosecution claim is comparable to a state law claim of the same. Since these analogous state law claims would abate under the survival statute, so, too, would the comparable § 1983 claims abate.

The denial of substitution is compelled by *Bentz*:

> Indeed, Indiana courts have used the terms "false arrest" and "false imprisonment" interchangeably when a plaintiff's claim stems from detention by authorities without probable cause. *See, e.g., Johnson v. Blackwell,* 885 N.E.2d 25, 30–31 (Ind. Ct. App. 2008) (using the terms interchangeably when distinguishing both from malicious prosecution); *Earles,* 788 N.E.2d at 1265 (defining false imprisonment under Indiana law and holding that "[a] defendant may be liable for false arrest when he or she arrests a plaintiff in the absence of probable cause"); *Miller,* 777 N.E.2d at 1104–05 (equating what a "plaintiff in a false arrest action" must demonstrate with the standard for "false imprisonment"). Perhaps more tellingly, Indiana courts often analyze causes of actions involving unlawful police detentions *solely* in terms of false imprisonment. *See, e.g., Trobaugh v. Hellman,* 564 N.E.2d 285, 286–87 (Ind.Ct.App. 1990); *Delk v. Bd. of Comm'rs of Del. County,* 503 N.E.2d 436, 439 (Ind.Ct.App.1987); *Grooms v. Fervida,* 182 Ind. App. 664, 396 N.E.2d 405, 411–12 (1979); *Mitchell v. Drake,* 172 Ind. App. 376, 360 N.E.2d 195, 198 (1977) (discussing the standard the Seventh Circuit has applied "in false imprisonment actions against government agents under the Fourth Amendment").
>
> In other words, Indiana courts have analyzed claims similar to Leonelli's [the deceased plaintiff] under the false imprisonment framework. *As such, Indiana law establishes that Leonelli's §1983 claim for unreasonable seizure is analogous to an Indiana tort claim for false imprisonment, which does not survive a decedent's death.* See *Ind. Code § 34–9–3–1*.

*Bentz*, 577 F.3d at 780 (emphasis supplied).

4

No doubt this is the reason that other district courts sitting in Indiana have applied the survival act according to its terms even though its application has resulted in the abatement of the plaintiffs' § 1983 analogous claims. *See, e.g., Camm v. Clemons*, 544 F.Supp.3d 847 (S. D. Ind. 2021); *Sims v. City of Elkhart*, 3:19-CV-1168 JD, 2022 WL 3348833 (N. D. Ind. 2022); *Walter v. City of Auburn*, 1:21-cv-00334-SLC, 2023 WL 2536323, at *1 (N. D. Ind. March 15, 2023).

Given the state of controlling authority in the 7th Circuit, we believe Plaintiffs' Objection must be overruled.

Pinkins, of course, argues that *Bentz* is "flawed [and] inapplicable." [DE234, p. 3]. He points to *Wilson v. Garcia*, 471 U.S. 261 (1985) and *Bennett v. Tucker*, 827 F.2d 63 (7th Cir. 1987). But *Wilson* decides only that for § 1988 purposes district courts are to apply the applicable general state tort *statute of limitations* to determine if a § 1983 claim is timely filed. It is silent about whether application of a general survival act is compelled.

*Wilson* invoked a rule of practicality. It instructed that courts must "select, in each state, the *one* most appropriate statute of limitations for all § 1983 claims." *Id*. at 275. (emphasis supplied). The *Wilson* court approved the application of New Mexico's three (3) year general tort statute of limitation for person injuries that the district court had already selected. But the majority in *Wilson* did not purport to trench upon, criticize or even mention *Robertson v. Wegmann*, 436 U.S. 584 (1978), in which the Court on interlocutory appeal applied the Louisiana survival statute, that had the effect of abating respondent's § 1983 claim. Similar to Pinkins, the respondent in *Robertson* argued that application of the Louisiana survival statute to abate his claim "would be inconsistent with federal policy underlying the cause of action under consideration." *Id*. at 590. Indeed, the Louisiana district court had accepted respondent's argument and fashioned a *federal*

5

survival rule to resuscitate the respondent's § 1983 claim. But the Supreme Court rejected these contortions and reversed:

> Despite the broad sweep of § 1983, we can find nothing in the statute or its underlying policies to indicate that a state law causing abatement of a particular action should invariably be ignored in favor of a rule of absolute survivorship.

*Id.* at 590.

Presaging Pinkins' argument here, the respondent in *Robertson* argued that his right to recover under § 1983 could not be undermined and foreclosed by application of a state survivorship statute. The Court disagreed:

> It is true that § 1983 provides 'a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation.' . . . That a federal remedy should be available, however, does not mean that a § 1983 plaintiff (or his representative) must be allowed to continue an action in disregard of the state law to which § 1988 refers us. A state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation. *If success of the § 1983 action were the only benchmark, there would be no reason at all to look to state law, for the appropriate rule would then always be the one favoring the plaintiff, and its source would be essentially irrelevant.*

*Id.* at 593 (emphasis supplied) (cleaned up).

*Robertson* answers both of Pinkins' criticisms of the September 11 Order denying substitution, and thus undermines his argument that *Bentz* is both "flawed" and "inapplicable." Rather, *Bentz* is *Robertson's* progeny. In a word, as far as the United States Supreme Court is concerned, abatement of a claim due to application of a state survival statute is not inconsistent with federal law under § 1988.

6

*Bennett v. Tucker* does not change this analysis. It was decided nine (9) years after *Robertson*—to which it does not even aver—and twenty-two (22) years *before Bentz*. *Bennett* observes that "in order to determine whether a § 1983 claim survives, we must look to the state law governing whether a personal injury claim survives." 827 F.2d at 68. *Bennett* prescribed no rule which defied *Robertson* or which *Bentz* ignored. It does not change the outcome here. Consistent with *Bennett*, the September 11 Order looks to the pertinent survival act, adopted the analogizing approach approved in *Bentz*, and concluded the Pinkins' claim had abated.

We do not believe R. 72 is a license to overrule Seventh Circuit precedent such as *Bentz*. As the court recently concluded in *City of Hammond v. Lake County Judicial Nominating Commission*, No. 2:21-cv-160-PPS, 2024 WL 68279 (N. D. Ind. Jan. 4, 2024), a district court is "not free to disregard controlling" Seventh Circuit precedent.

And we don't know what Pinkins means by other circuits "uniformly" adopting the analysis advanced in the Objection. Indeed, the *majority* of the circuits have adopted the analysis utilized by the Court in its September 11 Order.

Like the Seventh Circuit's decision in *Bentz*, several other circuits follow the analogous state tort rule. In *Oliveros v. Mitchell*, 449 F.3d 1091 (10th Cir. 2006), the Tenth Circuit recognized that under the common law, personal tort actions died with the plaintiff or defendant, but New Mexico's survival statute established exceptions—including claims for wrongful death and personal injuries when the defendant or tortfeasor died. *Id.* at 1093–94. Recognizing that New Mexico's highest court had not addressed the survivability of intentional tort claims when the injured party died, but declining the motion to certify, the Tenth Circuit determined that the New Mexico Supreme Court would apply the common law rule and would conclude that intentional tort

7

claims do not survive the injured party's unrelated death. *Id.* at 1094. The Tenth Circuit concluded that § 1983 claims of excessive force and unreasonable seizure turn on intentional conduct, which are analogous to state law intentional tort causes of action, and therefore did not survive the original plaintiff's unrelated death. *Id.* at 1095; *see also Pietrowski v. Town of Dibble*, 134 F.3d 1006 (10th Cir. 1998) (holding that a § 1983 claim abated by "analogiz[ing]" it "to state-law malicious-prosecution claim").

Similarly, in *Parkerson v. Carrouth*, 782 F.2d 1449 (8th Cir. 1986), the plaintiff brought § 1983 claims alleging malicious prosecution and defamation. *Id.* at 1450. Although Arkansas law "broadly" permitted the survival of actions for "wrongs done to the person or property of another," it made exceptions for malicious prosecution, libel, and slander. *Id.* at 1451–52. The Eighth Circuit declined to apply Arkansas's general survival rule for "wrongs done to the person" to § 1983 claims. *Id.* at 1451–55. It instead held the claims terminated because state law excluded "claims for malicious prosecution." *Id.* at 1453. And the Fourth and Eighth Circuits have reached similar conclusions. *See Brown v. Town of Cary*, 706 F.3d 294, 300 (4th Cir. 2013) ("Analogizing [the plaintiff's] federal civil rights claim to a corresponding action under North Carolina law, we are satisfied that the claim would survive under that statute."), *abrogation on other grounds recognized by Cent. Radio Co. v. City of Norfolk, Va.*, 811 F.3d 625 (4th Cir. 2016); *Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1046 (11th Cir. 2011) (determining the "applicable Alabama survivorship law" for § 1983 claims by looking to the underlying injury). These holdings belie the contention that there is some kind of "uniform" acceptance of the argument Pinkins advances. Far from it.

## **CONCLUSION**

This attempted substitution of the deceased's daughters as Plaintiffs is an exercise in futility because there are no surviving claims. Their May 8, 2024, Motion To Substitute should be denied in its entirety, the September 11 Order should be affirmed, and this case should now proceed solely on the remaining claims of Plaintiff, Roosevelt Glenn.

Respectfully submitted,

 /s/ David C. Jensen
David C. Jensen, #4893-45
Eichhorn & Eichhorn LLP
2929 Carlson Dr., Ste 100, PO Box 2275
Hammond, IN 46323
219-931-0560; 219-931-5370 (fax)
djensen@eichhorn-law.com

*Counsel for the Defendants, City of Hammond and Leo Finnerty*

 /s/ Jackie M. Bennett, Jr.
Jackie M. Bennett, Jr., #4112-49
Jeffrey D. Stemerick, # 29499-53
Ann O'Connor McCready, #32836-53
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
P: 317-713-3500
F: 317-713-3699
jbennett@taftlaw.com
jstemerick@taftlaw.com
amccready@taftlaw.com

*Counsel for the Defendant, Michael Solan*

## CERTIFICATE OF SERVICE

I, David C. Jensen, certify that on the 9th day of October, 2024, a true and complete copy of the foregoing was served upon all counsel of record via the Case Management / Electronic Case Filing (CM / ECF) system maintained by the United States District Court for the Northern District of Indiana.

/s/ David C. Jensen
David C. Jensen