NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROOSEVELT GLENN, SR. and ) <br> DARRYL KEITH PINKINS, SR., ) <br>     The Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF HAMMOND, *et al.,* ) | CASE NO. 2:18-cv-150-TLS/JEM |

**RESPONSE OF THE DEFENDANTS, CITY OF HAMMOND,
MICHAEL SOLAN AND LEO FINNERTY, IN OPPOSITION
TO THE "PLAINTIFFS'" MOTION TO STAY, [DE236]**

The Defendants, City of Hammond, Michael Solan and Leo Finnerty ("Hammond Defendants"), by their respective undersigned counsel, state the following for their Response in Opposition to the Motion to Stay, [DE236]:

**DISCUSSION**

On May 8, 2024, LaDonya Pinkins and Darryln Pinkins as co-administrators of the Estate of Darryl Pinkins, deceased ('Pinkins"), filed a motion to substitute, [DE 222]. On May 22, 2024, the Hammond Defendants filed their response in opposition, [DE 225]. On June 12, 2024, Pinkins filed a reply, [DE 229]. The Court then took the matter under advisement and on September 11, 2024, denied the motion to substitute, [DE 230].

Pinkins then filed an objection to the September 11, 2024, order dismissing the Pinkins' claim for relief on September 25, 2024, [DE 234], to which the Hammond Defendants filed their response on October 9, 2024, [DE 235].

Pinkins filed the motion to stay on October 11, 2024, [DE 236].

The motion should be denied.

As the Hammond Defendants have pointed out, the controlling authority from the 7th Circuit mandates denial of the motion to substitute. 42 U.S.C. § 1988 counsels that the District

Court apply Indiana law to ascertain whether to grant Pinkins motion to substitute pursuant to Fed.R.Civ.Pro. 25(a)(1). Under the applicable survival statute, I.C. § 34-9-3-1, Pinkins' civil action does not survive his death. *Bentz v. City of Kendallville*, 577 F.3d 776, 778-81 (7th Cir. 2009).

And the overwhelming – indeed uniform – authority in both the Northern District and Southern District instructs that the motion to substitute must be denied. *See also Camm v. Clemons*, 544 F. Supp. 3d 847, 852 (S.D. Ind. 2021); *Sims v. City of Elkhart*, 3:19-CV- 1168 JD, 2022 WL 3348833 (N.D.Ind. 2022); and *Walter v. City of Auburn*, 1:21-cv-0034-SLC. 2023 WL 25336323 (N.D.Ind. 2023) (each dismissing claims that abated due to a party's death). *Sims* is on appeal. But a motion to stay because the 7th Circuit might reverse the decision in *Sims v. City of Elkhart, et al*, Cause No. 3:20-cv-00145-JD-MGG is not well taken given the authority arrayed against Pinkins.

And, as we've previously pointed out, the 7th Circuit is not an outlier. The majority of circuits concur in the analysis in which the *Bentz* court engaged [DE 235, pp. 7-8].

In the event the 7th Circuit should decide to overrule the body of law, Plaintiff can resort to a motion for reconsideration. Should that situation arise, Plaintiff can repair to a well-recognized vehicle to achieve its goal without further delaying the proceedings. A change in controlling authority is the proper office of a motion to reconsider. *E.g.*, *Adams v. Atlantic Richfield Co.*, 2:18-CV-375-PPS-JEM (May 13, 2024) *6, *Janky v. Batistatos*, 2009 WL 10692471, at *1 (N.D.Ind. Aug. 24, 2009) (quoting *Orange v. Burge*, 451 F. Supp. 2d 957, 961 (N.D.Ill. 2006)). *See also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

The motion to stay should be denied.

Respectfully submitted,

  /s/ David C. Jensen
David C. Jensen, #4893-45
James L. Hough, #20929-64
Kyle G. Grothoff, #36469-53
Zachary R. Peifer, #36929-45
Eichhorn & Eichhorn LLP
2929 Carlson Dr Ste 100, PO Box 2275
Hammond, IN 46323
219-931-0560; 219-931-5370 (fax)
djensen@eichhorn-law.com
rfeldt@eichhorn-law.com

*Counsel for the Defendants, City of Hammond and Leo Finnerty*

  /s/ Jackie M. Bennett, Jr.
Jackie M. Bennett, Jr., #4112-49
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
317-713-3500; 317-713-3699 (fax)
jbennett@taftlaw.com

*Counsel for the Defendant, Michael Solan*

3

## CERTIFICATE OF SERVICE

I, David C. Jensen, certify that on the 25th day of October, 2024, a true and complete copy of the foregoing was served upon all counsel of record via the Case Management / Electronic Case Filing (CM / ECF) system maintained by the United States District Court for the Northern District of Indiana.

/s/ David C. Jensen
David C. Jensen