UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROOSEVELT GLENN, SR. and DARRYL KEITH PINKINS, SR., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HAMMOND; Hammond Police Department Lieutenant MICHAEL SOLAN, in his individual capacity; LEO FINNERTY, in his individual capacity; Indiana State Police Lab Forensic Serologist DIANA PETERSON, in her individual capacity; and STEVEN H. TOKARSKI, a Special Representative for the Estate of Kimberly Epperson, <br><br> Defendants. | CAUSE NO.: 2:18-CV-150-TLS-JEM |

**OPINION AND ORDER**

This civil rights lawsuit arises out of the convictions of Plaintiffs Roosevelt Glenn, Sr. and Darryl Keith Pinkins, Sr. for their involvement in the kidnapping, robbery, and rape of M.W. by five men in 1989, the successive state postconviction proceedings based on new DNA evidence, and the state court decisions vacating the convictions and dismissing the charges against Pinkins in 2016 and Glenn in 2017. On December 11, 2019, the Plaintiffs filed an Amended Complaint [ECF No. 124], alleging under 42 U.S.C. § 1983 that the Defendants violated their constitutional rights by fabricating inculpatory evidence and withholding exculpatory evidence during the investigation and trial. This matter is before the Court on the Plaintiffs' Motion to Stay Briefing and Ruling in Light of Pending Seventh Circuit Decision [ECF No. 236], filed on October 11, 2024, requesting that the Court stay further briefing on the Plaintiffs' Objection [ECF No. 234] to the Magistrate Judge's Order [ECF No. 230] and related Report and Recommendation [ECF No. 231] on the dismissal of Plaintiff Pinkins from this

lawsuit, due to his death, until the Seventh Circuit Court of Appeals enters a decision in the appeal of *Sims v. City of Elkhart*, 3:19-CV-1168, 2022 WL 3348833 (N.D. Ind. 2022).[1] For the reasons set forth below, the Court grants the Plaintiffs' motion.

In this case, the Plaintiffs highlight that *Bennett v. Tucker*, 827 F.2d 63, 67–68 (7th Cir. 1987), and *Bentz v. City of Kendallville*, 577 F.3d 776, 778–79 (7th Cir. 2009), apply different rules for determining the survivability of § 1983 claims. Specifically, in *Bennett*, the Seventh Circuit Court of Appeals held that

> [f]ederal law governs whether a federal claim survives. However, § 1983 is silent on the question of survivability. Therefore, [the court] must look to 42 U.S.C. § 1988, which provides that if federal law does not provide a rule of decision in a civil rights case, federal law will incorporate the appropriate state law, unless that law is inconsistent with the Constitution and laws of the United States.

*Bennett*, 827 F.2d at 67 (cleaned up). The court explained,

> In *Wilson v. Garcia*, 471 U.S. 261 (1985), the Supreme Court held that, under § 1988, the appropriate state law to look to in determining whether a § 1983 claim is time-barred is the state law governing whether a personal injury claim is time-barred. The Court stressed the importance of adopting uniform rules governing the timeliness of all § 1983 claims, and the appropriateness of analogizing a § 1983 claim to a personal injury claim. [The court] believe[s] that it is equally important to have a uniform rule of survivorship for § 1983 claims, and that it would be anomalous to use a different analogy in this context. Accordingly, [the court] conclude[s] that, in order to determine whether a § 1983 claim survives, [the court] must look to the state law governing whether a personal injury claim survives.

*Id.* at 67–68 (7th Cir. 1987) (cleaned up).

Also, in *Wilson*, the United States Supreme Court held,

> After exhaustively reviewing the different ways that § 1983 claims have been characterized in every Federal Circuit, the Court of Appeals concluded that the tort action for the recovery of damages for personal injuries is the best alternative available. [The Court] agree[s] that this choice is supported by the nature of the § 1983 remedy, and by the federal interest in ensuring that the borrowed period of limitations not discriminate against the federal civil rights remedy.

---

[1] Defendants City of Hammond, Sloan, and Finnerty filed a response to the motion to stay [ECF No. 242], to which Defendant Peterson filed a Motion to Join [ECF No. 243] and the Plaintiffs filed a reply [ECF No. 245].

2

471 U.S. at 276 (cleaned up). Based on *Wilson*, the *Bennett* court held that the claim at issue for denial of employment on account of race under § 1983—when the plaintiff making the claim died while the case was on appeal—survived her death because "[t]he Illinois Survivorship Act provides that personal injury claims survive the death of the plaintiff" and "[b]ecause this provision is not inconsistent with federal law." 827 F.2d at 68 (cleaned up).

Without citing *Bennett*, the *Bentz* court applied a different rule for determining the survivability of § 1983 claims. Specifically, in *Bentz*, the Seventh Circuit Court of Appeals explained,

> [T]he only claims before us are those brought under § 1983. That statute is silent on the issue of survival, so 42 U.S.C. § 1988 directs us to look to the most closely analogous state law to determine survivability. When analyzing the survivability of § 1983 claims, [the court] therefore appl[ies] the state survival statute unless it is inconsistent with federal policy. Bentz does not claim that the application of state law in this case is inhospitable to the purpose of § 1983 actions, so [the court] appl[ies] Indiana law in deciding whether Leonelli's claims survived.
>
> In order to apply Indiana law, [the court] must properly analogize Leonelli's § 1983 claims to the appropriate Indiana torts. In doing so, [the court] begin[s] with the federal claim at issue. [The court] must first characterize that claim and then decide which Indiana tort is the most similar, without molding the constitutional claim to fit within the contours of state law. After arriving at an appropriate analogy, [the court] turn[s] to the Indiana survival statute to determine whether that claim should survive.

*Bentz*, 577 F.3d at 778–79 (cleaned up). Based on this rule, the *Bentz* court held, "Indiana courts have analyzed claims similar to Leonelli's under the false imprisonment framework. As such, Indiana law establishes that Leonelli's § 1983 claim for unreasonable seizure is analogous to an Indiana tort claim for false imprisonment, which does not survive a decedent's death." *Id*. at 780.

Accordingly, the Court finds that *Bennett* and *Bentz* employ different rules for determining the survivability of § 1983 claims—*Bennett* says to simply look to the state's survivability statute for personal injury claims, while *Bentz* says to analogize the § 1983 claim to the appropriate state law tort and then turn to the state survival statute for the tort to determine

3

whether the claim will survive. Thus, the Court concludes that the law on the survivability of § 1983 claims is unclear in the Seventh Circuit. As a result, the Court stays the briefing on the Plaintiffs' Objection based on the following.

In this case, the Plaintiffs filed a Motion for Substitution of a Party [ECF No. 222], on May 8, 2024, requesting leave of court to substitute LaDonya Pinkins and Darryln Pinkins, co-administrators of the Estate of Darryl Keith Pinkins, Sr., as the proper party because Plaintiff Darryl Keith Pinkins, Sr. died on February 3, 2024. On September 11, 2024, relying on *Bentz*, the Magistrate Judge denied the Plaintiff's Motion for Substitution because Plaintiff Pinkins' § 1983 claims, which are analogous to the Indiana torts of false imprisonment and malicious prosecution, do not survive his death. *See* Sept. 11, 2024 Order, ECF No. 230. Based on that finding, the Magistrate Judge also sua sponte entered a Report and Recommendation [ECF No. 231], recommending that the District Court dismiss Plaintiff Pinkins from the case. On October 11, 2024, the Plaintiffs filed an Objection [ECF No. 234] to the Magistrate Judge's order on party substitution and the report and recommendation, arguing that these decisions are clearly erroneous or contrary to law because Plaintiff Pinkins' § 1983 claims survive his death as a matter of state and federal law. The Plaintiffs cite *Bennett* and *Wilson* for the proposition that the Court should look to the survivability of state personal injury claims.[2]

In their motion, the Plaintiffs assert that the briefing on their Objection should be stayed because, on September 19, 2024, their counsel had an oral argument for a pending appeal in the Seventh Circuit Court of Appeals in another case, *Sims v. City of Elkhart*, which, according to the Plaintiffs, turns on whether to uphold the decision on the test for survivability adopted in *Bentz*—the case that the Magistrate Judge relied on in this case. The Plaintiffs also believe that

---

[2] Defendants City of Hammond, Sloan, and Finnerty filed a response [ECF No. 235] to the Plaintiffs' Objection.

4

the Seventh Circuit in *Sims* will rule on the issue of whether *Bentz* or *Bennett* governs, and as such, the outcome in *Sims* will directly impact the issue governing the survivability of Plaintiff Pinkins' claims. Defendants City of Hammond, Sloan, and Finnerty argue against the stay, asserting that *Bentz* is the controlling law in the Seventh Circuit and, even if the Seventh Circuit overrules *Bentz*, the Plaintiffs may file a motion for reconsideration based on a change in controlling authority.

Because *Bennett* and *Bentz* apply different tests for determining the survivability of § 1983 claims, *Bentz* did not discuss or even cite *Bennett*, and the Seventh Circuit Court of Appeals will likely rule on which case governs in the appeal of *Sims*, 2022 WL 3348833, the Court finds the Plaintiffs' argument for staying the briefing on the Objection persuasive. Accordingly, the Court grants the Plaintiffs' motion and stays the deadline for their reply to the Defendants' response to the Objection until fourteen days after the Seventh Circuit Court of Appeals enters a final decision in *Sims v. City of Elkhart*.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the Plaintiffs' Motion to Stay Briefing and Ruling in Light of Pending Seventh Circuit Decision [ECF No. 236]. The Court STAYS the deadline for the Plaintiffs' reply to the Defendants' response [ECF No. 235] to the Objection [ECF No. 234] and ORDERS that the deadline for the Plaintiffs to file their reply brief is fourteen days after the Seventh Circuit Court of Appeals enters a final decision in *Sims v. City of Elkhart*.

SO ORDERED on November 13, 2024.

             s/ Theresa L. Springmann
             JUDGE THERESA L. SPRINGMANN
             UNITED STATES DISTRICT COURT